**PRICE LAW GROUP, APC**
Stuart M. Price (SBN 150439)
Stuart@pricelawgroup.com
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030
F: (818) 205-2730
Attorneys for Plaintiff,
Shalanda Robinson

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| SHALANDA ROBINSON,<br><br>Plaintiff,<br><br>vs.<br><br>GATEWAY ONE LENDING & FINANCE, A TCF BANK COMPANY; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC; TRANSUNION, LLC<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**1. THE FAIR CREDIT REPORT ACT, § 15 U.S.C. 1681** *et seq.***;**<br><br>**2. THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.25** *et seq.;*<br><br>**AND DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT</u>

### <u>INTRODUCTION</u>

1. Plaintiff SHALANDA ROBINSON ("Plaintiff"), by and through her attorneys, brings this action to secure redress from unlawful credit reporting practices engaged in by Defendants Equifax Information Services, LLC ("Equifax"), Trans Union, LLC

("TransUnion"), Experian Information Solutions, Inc. ("Experian") and Gateway One Lending and Finance, LLC ("Gateway")  Specifically, Plaintiff alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"); and the California Consumer Credit Reporting Agencies Act, CAL. CIV. CODE § 1785 *et seq.* ("CCCRA")

## VENUE AND JURISDICTION

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy."  The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

## PARTIES

4. Plaintiff is a natural person who resides in the City of Mira Loma, County of Riverside, California.  Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a) and CAL. CIV. CODE § 1785.3(b).

5. Defendant, Equifax is a national corporation with its principal place of business located in Atlanta, Georgia.  At all relevant times herein, Defendant Equifax, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and CAL. CIV. CODE § 1785.3(d).

6. Defendant, TransUnion is a national corporation with its principal place of business located in Chicago, Illinois.  At all relevant times herein, Defendant

TransUnion, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and CAL. CIV. CODE § 1785.3(d).

7. Defendant, Experian is a national corporation with its principal place of business located in Costa Mesa, California. At all relevant times herein, Defendant Equifax, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and CAL. CIV. CODE § 1785.3(d).

8. Defendant, Gateway is a Delaware Company, who regularly transacts business within the state of California. Gateway is an entity which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA.

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

10. Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or

managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11. In or around March of 2015, Plaintiff purchased a vehicle as the sole obligor financed through Defendant Gateway. Plaintiff has been making her regular payments as agreed from the time of the purchase till the present.

12. Plaintiff, mindful of her credit rating, subscribes to a credit monitoring service with Identity Guard. Identity Guard will alert Plaintiff when there are potential issues reflected in her credit report.

13. In early March of 2016, Plaintiff received an alert from Identity Guard notifying her that Defendant TransUnion was reporting Defendant Gateway's account as one included in a chapter 7 bankruptcy.

14. On or about March 7, 2016 Plaintiff pulled her credit report and verified that Defendant TransUnion was in fact reporting Defendant Gateway's account as one included in a chapter 7 bankruptcy. Plaintiff further discovered that Defendant Equifax was also reporting Defendant Gateway's account in a chapter 7 bankruptcy.

15. On or about March 18, 2016, Plaintiff received another Identify Guard alert relating to the same Gateway account, notifying her that in addition to Defendants TransUnion and Equifax, Defendant Experian was reporting the Gateway account in a chapter 7 bankruptcy.

16. Plaintiff concerned with the affect this could have with the financing of a home she was under contract to purchase sought to address the inaccurate reporting's by sending disputes to the all three defendant credit reporting agencies.

17. On or about March 24, 2016, Plaintiff sent all three defendant credit reporting agencies a dispute explaining that Plaintiff has not filed for bankruptcy since the date

she purchase the vehicle and the only bankruptcy she filed was in 2009, where she received a discharge. Plaintiff further explained that it was her husband that filed an individual bankruptcy in January of 2016.

18. On or about April 2, 2016 Plaintiff received a response to her dispute from Defendant Equifax stating that the results of their research concluded that Defendant Gateway account's is currently reporting included in bankruptcy.

19. On or about April 12, 2016 Plaintiff sent a second dispute to Defendant Equifax explaining in detail that the reporting of Defendant Gateway's account in bankruptcy is not accurate and needs to be corrected.

20. On or about April 14, 2016 Plaintiff received Defendant Experian's response to her dispute updating her credit report to properly reflect the reporting of Defendant Gateway's account as current, pays as agreed, never late.

21. On or about April 15, 2016 Plaintiff received Defendant TransUnion's response to her dispute updating her credit report to properly reflect the reporting of Defendant Gateway's account as current, pays as agreed, never late.

22. On or about April 23, 2016 Plaintiff received Defendant Equifax's response to her second dispute stating that the creditor has verified to Defendant Equifax that the current status of the account is being reported correctly as included in bankruptcy.

23. In or around May of 2016 Plaintiff received a new alert from Identity Guard notifying her that Defendant TransUnion was reporting Defendant Gateway's account included in a bankruptcy after it corrected it on or about April 15, 2016.

24. On or about June 8, 2016, Plaintiff pulled another credit report and found Defendant Equifax and Defendant TransUnion continuing to inaccurately report Defendant Gateway's account included in a chapter 7 bankruptcy despite the fact that it is the only account within Plaintiff's credit report reflecting such a status.

25. As a result of the Defendants' conduct, Plaintiff has been forced to pay a higher interest rate than originally quoted for the mortgage she is obtaining to purchase a home.

26. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation.

27. As a result of Defendants' conduct, Plaintiff has suffered extreme emotional distress and mental anguish.

**COUNT I – FIRST CLAIM FOR RELIEF**
**DEFENDANTS EQUIFAX AND TRANSUNION VIOLATED THE**
**FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681** *et seq.*

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(l)(A).

30. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

31. Within the two years preceding the filing of this complaint, Plaintiff notified Defendants Equifax and TransUnion of an inaccuracy contained in its reports and asked it to correct the inaccuracy.

32. Defendants Equifax and TransUnion failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed.

33. Defendants Equifax and TransUnion failed to review and consider all relevant information submitted by Plaintiff.

34. The Defendants Equifax and TransUnion failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file, in violation of 15 U.S.C. § 1681e(b).

35. As a result of the above-described violations of 15 U.S.C. §§1681i and 1681e(b), Plaintiff has sustained damages.

36. Defendant Equifax and TransUnion's violations of the FCRA were willful and therefore Plaintiff is therefore entitled to also seek statutory and punitive damages.

### COUNT II – SECOND CLAIM FOR RELIEF
### DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

37. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(l)(A).

39. The Act further requires the credit reporting agency, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 USC § 168e(b).

40. Within the two years preceding the filing of this complaint, Defendant Experian failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file, in violation of 15 U.S.C. § 1681e(b).

41. As a result of the above-described violations of 15 U.S.C. § 1681e(b), Plaintiff has sustained damages.

42. Defendant Experian's violations of the FCRA were willful and therefore Plaintiff is therefore entitled to also seek statutory and punitive damages.

### COUNT III – THIRD CLAIM FOR RELIEF
### DEFENDANT GATEWAY VIOLATED THE FAIR
### CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. The FCRA requires a furnisher such as Defendant Gateway, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

45. Within the last two years, Defendant Gateway provided inaccurate information to the credit reporting agencies.

46. Within the past two years, Plaintiff notified Experian, Equifax, and Transunion that Plaintiff's reports concerning Defendant Gateway was inaccurate. Thereafter, the credit reporting agencies notified Defendant Gateway that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

47. Defendant Gateway violated 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b);

  a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

  b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant Gateway;

  c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

  d. willfully and negligently failing to report the status of the inaccurate information to all credit reporting agencies;

  e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

  f. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

  g. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and

  h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

48. In attempting to collect the aforementioned alleged debt, the Defendants, by and through their agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agency although Defendant knew, or consciously avoided knowing, that the information was inaccurate.

49. Gateway's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

### COUNT IV – FOURTH CLAIM FOR RELIEF
### DEFENDANT EQUIFAX AND TRANS UNION VIOLATED THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, (CCCRA), CAL. CIV. CODE §§1785.10

50. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

51. California Civil Code § 1785.16(a) states that if the completeness or accuracy of any item of information contained in a credit file is disputed by the consumer, the consumer credit reporting agency shall, within a reasonable period of time, reinvestigate the disputed information within thirty days of the notice of the dispute. Subsection (a) further states that the consumer reporting agency shall, within five business days, notify the person who provided the information of the dispute.

52. California Civil Code § 1785.16(b) states that in conducting the reinvestigation, the consumer reporting agency shall review and consider all information submitted by the consumer. Furthermore, if the disputed information is found to be inaccurate, the consumer reporting agency shall add, correct, or delete that information from the consumer's file.

53. California Civil Code § 1785.16(d) states that a consumer reporting agency shall provide written notice to the consumer of the results of its reinvestigation within five days of completing the reinvestigation.

54. California Civil Code § 1785.16(g) states that the consumer reporting agency shall clearly note that the information is disputed by the consumer.

55. Defendants willfully and negligently violated the CCCRA when they continued to report inaccurate information on Plaintiff's credit report after Plaintiff disputed the information. Defendants failed to conduct a reasonable reinvestigation of the disputed information as required by § 1785.16(a).

56. When the Plaintiff disputed the information and Defendants did not make the proper changes to Plaintiff's credit report, Defendants willfully and negligently violated the CCCRA when they failed to clearly note on subsequent credit reports that the information on the disputed account(s) was being disputed by Plaintiff as required by § 1785.16(g).

57. Based on these violations of California Civil Code § 1785.16, Plaintiff is entitled to the remedies afforded by California Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**COUNT V – FIFTH CLAIM FOR RELIEF**
**DEFENDANT GATEWAY VIOLATED THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, (CCCRA), CAL. CIV. CODE § 1785.25** *et seq.*

58. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

59. California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting

1  agency if the person knows or should know the information is incomplete or
2  inaccurate."
3     60. California Civil Code § 1785.25(b) states that a furnisher that determines a
4  report to a credit reporting agency is not accurate or complete shall promptly notify
5  the consumer reporting agency of that determination and provide corrections to the
6  consumer reporting agency that is necessary to make the information complete and
7  accurate.
8     61. California Civil Code § 1785.25(c) provides that if the completeness or
9  accuracy of any information on a specific transaction or experience provided to a
10 consumer reporting agency is disputed by the consumer, the furnisher may not
11 continue reporting the information unless it provides a notice to the consumer
12 reporting agency that the information is disputed by the consumer.
13    62. Defendant Gateway negligently and willfully furnished information to the credit
14 reporting agencies it knew or should have known was inaccurate.
15    63. Based on the violations of Civil Code § 1785.25(a), Plaintiff is entitled to the
16 remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees,
17 pain and suffering, and punitive damages in an amount not less than $100 nor more
18 than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

    A. Actual damages;

    B. Statutory damages;

    C. Punitive damages;

    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o, 1785.31(a)(1), 1692k and 1788.30(c); and

    E. Such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SHALANDA ROBINSON, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP, APC**

Dated: June 14, 2016

By: */s/ Stuart Price*
Stuart Price
Attorney for Plaintiff,
Shalanda Robinson